UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,                                   CASE NO. 08-CV-15329

v.                                           DISTRICT JUDGE THOMAS L. LUDINGTON
                                            MAGISTRATE JUDGE CHARLES E. BINDER
DAVID R. GENDERNALIK and
R. M. DAVIS,

    Defendants.
_____/

**MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff acknowledged on the face of his complaint that he did not meet the mandatory requirement of exhausting his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a).[1]

**II.    REPORT**

    **A.    Introduction**

Plaintiff Robert Annabel is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Huron Valley Men's Complex in Ypsilanti, Michigan. On December 31, 2008, Plaintiff filed a *pro se* civil rights complaint alleging that his constitutional rights were violated by a doctor and a social worker employed at the Huron Valley Men's

---

[1] In the event that this Report and Recommendation is adopted, the following pending motions will be moot: Plaintiff's Motion for Preliminary Injunction (Doc. 3) and Plaintiff's Motion to Amend Complaint (Doc. 8).

Complex. (Compl., Doc. 1.) U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. (Doc. 5.) On April 3, 2009, Plaintiff's certified trust fund account statement was received and his motion to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that a Report and Recommendation is warranted.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983:

> The plain language of the statute makes exhaustion a **precondition to filing** an action in federal court ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88, 142 L. Ed. 2d 69 (1998). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished).

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (emphasis added).

In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), the Supreme Court struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Id.* at 921. The Court was quick to point out, however, that this does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the

2

> complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* FED. RULE CIV. PROC. 8(c). **Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.** *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added). *Accord Ghosh v. McClure,* No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").

### C. Discussion

In this case, Plaintiff states in his complaint that he did not file any grievances regarding the claims he asserts because he feared that the defendants would retaliate by medicating him to the point of incapacitation or by taking away his writing materials. (Compl., Doc. 1 at 1.) There is no exception to the exhaustion requirement, however. Therefore, pursuant to *Freeman, supra,* the complaint is subject to *sua sponte* dismissal for failure to state a claim even though failure to exhaust is an affirmative defense because, in this case, the affirmative defense appears on the face of the pleading and suffices to establish the existence of the defense. *Jones*, 127 S. Ct. at 920-21. Thus, serving the complaint on defendants and requiring the filing of a motion to dismiss for

3

failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendants.

Accordingly, I suggest that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted because the complaint conclusively shows that Plaintiff failed to comply with the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing suit.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                      s/ *Charles E. Binder*
                                      CHARLES E. BINDER
Dated: April 9, 2009                       United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Amended Report and Recommendation was electronically filed this date, served by first class mail on Robert Annabel, II, #414234, at Huron Valley Complex - Men's, 3201 Bemis Rd., Ypsilanti, MI, 48197-9307; and served on District Judge Ludington in the traditional manner.

Date: April 9, 2009              By      s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder